235 F.2d 181
 Forest SEYMOUR and Bruce M. Seymour, Executors of the Estate of George Seymour, deceased, Appellants,
v.
Tom JOHNSON d/b/a Hazard Express Company and Claster Mullins, Appellees.
 No. 12701.
 United States Court of Appeals Sixth Circuit.
 June 6, 1956.
 
 Paul E. Adkins, Circleville, Ohio, for appellants.
 O. J. Cockrell, Jackson, Ky., and Earl B. Rose, Beattyville, Ky., for appellees.
 Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case came on to be heard upon the record and briefs and oral argument of counsel;
 
 
 2
 And it appearing that this is an action for alleged wrongful death occurring in Kentucky, instituted by executors alleged to reside in New York and Ohio, respectively, against a citizen of Kentucky;
 
 
 3
 And it appearing that under Kentucky law a foreign executor is not permitted to maintain such an action, Louisville & Nashville Railroad Co. v. Brantley's Adm'r, 96 Ky. 297, 28 S.W. 477; Vassill's Adm'r v. Scarsella, 292 Ky. 153, 166 S.W.2d 64;
 
 
 4
 And it appearing that after the statutory period for commencing the action had elapsed the alleged foreign executors filed a motion to amend their complaint by joining as party plaintiff an ancillary administrator, a citizen of Kentucky, and that the District Court overruled the motion and dismissed the case;
 
 
 5
 And it appearing that the action is based upon diversity of citizenship, in which case the Federal Court, since it is dealing with a right of recovery created by one of the states, will follow the state law, Guaranty Trust Co. v. York, 326 U. S. 99, 108, 109;
 
 
 6
 And it appearing that under the Kentucky law the filing of the complaint by the alleged foreign executors did not suspend the running of the statute and that the action attempted to be maintained by the ancillary administrator is barred by the statute of limitations, Vassill's Administrator v. Scarsella, supra;
 
 
 7
 And it appearing further that by joining the Kentucky administrator as a party, diversity of citizenship, if any, would be destroyed, Kentucky Natural Gas Corporation v. Duggins, 165 F.2d 1011 (C.A.6); Ockerman v. Wise, 202 F.2d 144 (C.A.6).
 
 
 8
 The judgment of the District Court is affirmed.