**Sandra Yvonne JAMISON, Plaintiff,**

v.

**Richard McCURRIE et al., Defendants.**

**No. 72 C 3255.**

United States District Court,
N. D. Illinois, E. D.

Feb. 3, 1975.

---

Stanley M. Cahn, Cummings & Wyman, Chicago, Ill., for plaintiff.

Peter Fitzpatrick, Chicago, Ill., for defendants.

## MEMORANDUM OPINION
## AND ORDER

McLAREN, District Judge.

This cause is before the Court on plaintiff's motion to file a third amendment to her 1972 complaint to add the City of Chicago as an additional defendant under the provisions of 28 U.S.C. § 1331(a). Plaintiff has brought suit against several officers of the Chicago Police Department alleging that the officers negligently and wrongfully refused to incarcerate one James O'Malley who randomly shot and killed plaintiff's decedent. Jurisdiction for this portion of the suit is predicated on 42 U.S.C. § 1983 and 28 U.S.C. § 1343, but since a municipal corporation is not a "person" within the meaning of § 1983, the city asserts that further amendment should not be granted because of lack of jurisdiction. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

The city's view of the *Bruno* case is too broad. Nothing in *Bruno* prevents federal courts from fashioning remedies directly under applicable constitutional provisions. *Cf.* Bivens v. Six Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In such instances, where more than $10,000 is in controversy, federal jurisdiction exists under 28 U.S.C. § 1331. See, *e. g.,* Brown v. Board of Education of the City of Chicago, 386 F.Supp. 110 (N.D.Ill.1974); Maybanks v. Ingraham, 378 F.Supp. 913 (E.D.Pa.1974). Thus the question presented in the instant motion is whether a monetary remedy should be fashioned under the Four-

teenth Amendment so that a claim may be made against the city—in effect frustrating the existing limitation of § 1983—and, if so, whether amendment is appropriate under F.R.Civ.P 15(a).

Plaintiff's proposed amendment articulates two separate theories to impose liability on the city: (1) failure to properly train and supervise municipal employees and (2) respondeat superior (vicarious liability).

I.

■ Although there is some authority for the proposition that plaintiff could sue the defendant police officers' superiors personally for their negligence, if any, in training and supervising the defendants,[1] the Court has found no case where a federal court has created a cause of action against a municipality under the constitution for such a failure.[2] The Court expresses no view as to whether Congress could create such a remedy under the Fourteenth Amendment due process clause; however, in the absence of such a statute this Court does not believe that under the present facts the federal judiciary should create any such new monetary remedy. In instances where federal courts have created monetary remedies

directly under the constitution it has been in response to the more specific mandates of the constitution such as the prohibition against unreasonable searches and seizures or the prohibition against state imposed racial discrimination. Plaintiff's negligent training and supervising claim does not touch on similar concepts central to federal constitutional rights.[3] Such matters involve an element of wilful disregard of basic rights. Training and supervising police officers is quite different, and the responsibility for failing to do so properly has been traditionally remitted to state authority. Since the Fourteenth Amendment was not intended to convert the federal court system into a super-legislature or super-administrator, this traditional division of authority is relevant. Cf. San Antonio Independent School District No. 1 v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). In matters of intimate local concern, federal courts should be reluctant to create new monetary remedies under the Fourteenth Amendment directly against municipal corporations Thus it is this Court's view that plaintiff has failed to state a claim against the city for failure to train and supervise upon which relief can be granted

1. This Court has previously held that under § 1983 a police officer's superior may be held liable for failure to adequately train and supervise. Carney v. King, No. 71 C 2867 (N.D.Ill., July 19, 1972); see also Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), rev'd on other grounds, District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). Contra: Bond v. City of Chicago, No. 71 C 2731 (N.D.Ill., Feb. 17, 1972) (per J. Will).

2. The Carter case is not applicable to the instant action. There the Court imposed liability against the District of Columbia vicariously and for failure to train and supervise. The Carter decision is based on the peculiar status of the District of Columbia. Within the district the federal government has the powers of a state as well as the powers of the national government. Obviously, under these circumstances the normal reluctance of a federal court to create new remedies in the absence of congressional action is reduced because the courts in the district not

only have the function of enforcing national constitutional law but may be obligated to create federal common law for the district. Cf. Palmore v. United States, 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973). This Court plays a more constrained role in the federal system.

.3. Although the alleged consequences of the behavior of the police officers here was severe, the constitutional basis for plaintiff's proposed claim against the city is slippery at best. In attacking non-"suspect" police practices plaintiff must rely on generalized concepts of substantive due process. The doctrine of substantive due process should not form the foundation of judicially created rights and remedies except in extreme circumstances. The non-systematic, non-suspect nature of plaintiff's claim here does not present an extreme circumstance requiring federal constitutional intervention, particularly when state remedies against the city are available. See page 8, infra.

for money damages under the Fourteenth Amendment and therefore amendment is improper.[4]

## II.

Even if plaintiff had stated a claim under the Fourteenth Amendment for money damages against the city, amendment to allow proof of failure to train and supervise would be inappropriate. While Fed.R.Civ.P. 15(a) mandates that leave to amend be granted liberally, the facts of the instant case militate against further amendment. This case was filed in 1972. Originally, four officers were sued; through two previous amendments the Court permitted plaintiff to join eleven additional police officers as defendants as the discovery process revealed new officers who may have been involved in the incident which is the subject matter of this litigation. Until this motion, however, plaintiff has always maintained the basic nature of her claim—an attack on the alleged failure to arrest. She has presented no evidence why it has taken over two years to develop this completely new slant to litigation attacking supervision and training. This new tack would require substantial further discovery and pretrial proceedings. At this juncture in the litigation it would be unfair to the defendants to impose a new round of discovery on a fundamentally new issue. Moreover, discovery is substantially concluded on the failure to arrest issue and thus the Court is unwilling to further delay close of discovery and trial; the Court's backlog of civil matters can only be exacerbated by allowing amendment here. In sum, even under the liberal spirit of Fed.R.Civ.P. 15(a), plaintiff has failed to show that justice requires amendment to allow general proof of failure to train and supervise. At some point in every litigation the issues for trial must be finally delineated. That point was reached here when the Court allowed the second amendment which added ten additional officers. Since the proposed amendment to prove failure to supervise and train would cause undue prejudice to the defendants and is not timely, the Court, in the exercise of its discretion, hereby denies the motion to amend to state such a claim. See, *e. g.*, McPhail v. Bangor Punta Corp., 58 F.R.D. 638 (E.D.Wis.1973) (amendment of complaint which would open up wholly new area of dispute denied on basis of prejudice to defendant); Vickery v. Fisher Governor Co., 417 F.2d 466 (9th Cir. 1969).

## III.

Plaintiff's vicarious liability theory stands on a different footing than the failure to train and supervise theory. Under this second theory the city would be liable only if the officers are liable; therefore, if amendment were limited to the vicarious liability theory no new discovery would be required and no additional delay before trial would be necessary. (Defendants are already represented by a Chicago special assistant corporation counsel who undoubtedly would represent the city in this matter.)

The vicarious liability theory, however, presents grave constitutional problems. In both Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) and Moor v. County of Alameda, 411 U. S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), the Supreme Court held that no congressional civil rights enactment created vicarious monetary liability for municipal corporations and refused to reach the constitutional question of whether the federal government has the power to create such liability. In the instant action, the Court also refuses to reach this difficult constitutional question. As noted in the discussion of liability under the training and liability theory, powerful policy considerations counsel moving slowly in creation of new monetary remedies directly under the constitution.

---

4. When a proposed amendment is legally insufficient, generally leave to amend should be denied. See, *e. g.*, Seymour v. Johnson, 235 F.2d 181 (6th Cir. 1956).

To create vicarious liability under the constitution with the present facts (non-systematic failure to arrest) in the absence of any stated congressional policy is, in the mind of this Court, unjustified. Moreover, in Illinois, under Ill. Rev.Stat. chap. 24, §§ 1–4–5 and 1–4–6 and Ill.Rev.Stat. Chap. 85, § 2–202, the plaintiff, if successful, will be able to look to the Chicago municipal coffers for satisfaction in a state court action. Arnolt v. City of Highland Park, 52 Ill. 2d 27, 282 N.E.2d 144 (1972); *cf.* Hampton v. City of Chicago, 484 F.2d 602 (7th Cir. 1073). Therefore, it is unnecessary to reach the unsettled constitutional issue of possible vicarious liability by a municipality because payment from city funds will occur in any event. Thus even if the power to create vicarious liability exists under these limited facts this Court declines to exercise that power. Plaintiff's motion to amend her complaint is denied.

It is so ordered.