Charles L. GRESHAM, Plaintiff,

v.

The CITY OF CHICAGO, a Municipal Corporation, et al., Defendants.

No. 75 C 798.

United States District Court, N. D. Illinois, E. D.

Oct. 28, 1975.

Cornelius E. Toole, Chicago, Ill., for plaintiff.

William R. Quinlan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This case is before the Court on defendant City of Chicago's motion to dismiss. Plaintiff is suing the City of Chicago (the City) and certain city police officers for alleged violations of his constitutional rights against false arrest and false imprisonment. The City advances two theories in support of its motion: (1) the Court lacks subject matter jurisdiction; (2) the complaint fails to state a claim upon which relief can be granted. For the reasons stated below the defendant City's motion is granted.

Plaintiff concedes that the City as a municipality is not a person within the meaning of 42 U.S.C. § 1983. It is clear therefore that no subject matter jurisdiction exists against the City as to § 1983 claims under 28 U.S.C. § 1343. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Calvin v. Conlisk*, 520 F.2d 1, 8 (7th Cir. 1975). Similarly, no jurisdiction exists as to the City under § 1343 for claims under § 1985 because the City is not a person within the meaning of that section. *Bosely v. City of Euclid*, 496 F.2d 193, 195 (6th Cir. 1974).

Plaintiff has however alternatively alleged jurisdiction under 28 U.S.C. § 1331. Where it is established that the amount in controversy exceeds the requisite $10,000, the court has subject matter jurisdiction under § 1331 over claims involving the deprivation of

substantial constitutional rights. *Hostrop v. Board of Junior College Dist. No. 515*, 523 F.2d 569, 576–77 (7th Cir. 1975); *Calvin v. Conlisk, supra* at 8–10. While it is always difficult to assess the monetary value of constitutional rights claims, the sum claimed by the plaintiff in good faith at the time of filing ordinarily must be accepted for jurisdictional purposes.

■ Here the plaintiff specifically alleges an amount in controversy in excess of $10,000. The plaintiff, a black man, alleges in his amended complaint that he was arrested without probable cause and taken to the Chicago police station at 39th and California Avenue and placed in a cell for six hours without opportunity to contact counsel or family. Later he was transported to the police station at 35th and Lowe Streets and placed in a cell for an additional six hours. In light of these allegations, the plaintiff's claim as to the amount in controversy is not on its face unreasonable nor in bad faith and is thus sufficient for jurisdiction under § 1331. *Calvin v. Conlisk, supra* at 8–10; 1 Moore's Fed. Prac. ¶¶ 91.1, 91.2.

■ Having found that subject matter jurisdiction exists, this Court is faced with the more difficult question of whether the amended complaint states a cause of action against the defendant City. Federal courts can indeed fashion remedies directly under applicable constitutional provisions. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Jamison v. McCurrie*, 388 F.Supp. 990 (N.D.Ill.1975). As in *Jamison*, the issue is whether this Court should fashion a remedy under the Fourteenth Amendment so that a claim specifically excluded from the reach of § 1983 and § 1985 may be brought against the City. See *Jamison v. McCurrie, supra* at 991–92.

■ Plaintiff, in his amended complaint, makes no specific allegation of wrongdoing on the part of the City other than that the defendant police officers were agents and servants of the City. Holding a municipality liable on a vicarious liability or respondeat superior theory, however, raises serious constitutional problems as to the power of the federal government to create such liability. See *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). In light of the difficult policy considerations, restraint must be exercised in creating monetary remedies directly under the constitution. *Jamison v. McCurrie, supra* at 993. This Court, as in *Jamison*, is of the opinion that absent a stated congressional policy, creation of a remedy under the constitution against the City is unjustified in this case. Nothing in plaintiff's amended complaint suggests an extraordinary factual situation requiring unusual remedies. For example, no charge has been made that the City has systematically failed to prevent police misconduct or to discipline officers who engage in it. See *Calvin v. Conlisk, supra*. Neither is there a risk of a lack of any available remedy to the plaintiff. *Bivens v. Six Unknown Named Agents, supra*. In any event, plaintiff, if successful against other defendants, may be able to look to the City for satisfaction of any judgments. Ill.Rev.Stat. ch. 24, §§ 1–4–5, 1–4–6; ch. 85, § 2–202. *Arnolt v. City of Highland Park*, 52 Ill.2d 27, 282 N.E.2d 144 (1972).

■ Plaintiff has not specifically raised the question of pendent jurisdiction of any state law claims against the City (the defendant has in its memorandum). Since the result of the exercise of pendent jurisdiction would be to join a party, the City, and not a claim, this Court declines to exercise jurisdiction on this basis. *Wojtas v. Village of Niles*, 334 F.2d 797 (7th Cir. 1964), *cert. denied*, 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965).

Defendant City of Chicago's motion to dismiss the City as a defendant is there-

fore granted for failure to state a claim upon which relief can be granted.

It is so ordered.