**Donald WEISS, Plaintiff,**

v.

**J. C. PENNEY COMPANY, INC., Defendant.**

**No. 76 C 484.**

United States District Court, N. D. Illinois, E. D.

May 21, 1976.

11. Id., at 870.

12. Id., at 873.

Eugene Lieberman, Chicago, Ill., for plaintiff.

Donald Q. Bunker, Harlene G. Matyas, Chicago, Ill., for defendant.

MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of defendant J. C. Penney Company, Inc. to dismiss the complaint filed by plaintiff Donald Weiss. For the reasons hereinafter stated, this motion shall be granted.

The complaint alleges a civil action for damages to redress deprivations under color of law of civil rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction purportedly exists under 28 U.S.C. §§ 1331 and 1343.

Briefly stated, the plaintiff alleges that the defendant, acting under the purported authority of the "Retail Theft Act," Ill.Rev. Stat. ch. 38, § 16 A–5, rudely took the plaintiff into custody, forcibly imprisoned him, maliciously threatened him, unlawfully searched him, maliciously compelled him to sign a confession, and with the help of police officers of the Village of Niles, Illinois, placed hand restraints upon plaintiff, locked him in a barred cell for over forty-five minutes and refused to take him before a judge or magistrate for immediate setting of bail. Plaintiff alleges that the state statute involved is unconstitutional, but does not seek a declaration thereof or an injunction against its enforcement.

At the outset, it is noted that plaintiff alleges alternative bases for jurisdiction: 28 U.S.C. § 1343 for the 42 U.S.C. § 1983 claim; and 28 U.S.C. § 1331 for the Fourteenth Amendment claim. It is well-established that the doctrine of respondeat superior is not applicable to actions for monetary damages brought pursuant to 42 U.S.C. § 1983. E. g., Adams v. Pate, 445 F.2d 105, 107 n. 2 (7th Cir. 1971). In a case similar to the instant one, Draeger v. Grand Central, Inc., 504 F.2d 142, 146 (10th Cir. 1974), the Tenth Circuit refused to hold a private entity liable under 42 U.S.C. § 1983 for the acts of a person in its employ on a vicarious liability basis. Thus, the defendant corporation here cannot be held liable under 42 U.S.C. § 1983 for the alleged wrongs of the unnamed individuals in-

volved, and this court declines to entertain the plaintiff's claim under 42 U.S.C. § 1983.

This action was also brought pursuant to the Fourteenth Amendment and 28 U.S.C. § 1331. The jurisdictional amount requirement of § 1331 is satisfied since the claim is not on its face unreasonable or in bad faith.

■ This court is constrained to make a determination of whether the requisite state action is involved in order to confer jurisdiction under the Fourteenth Amendment. For all practical purposes, there is no distinction between what constitutes state action for purposes of the Fourteenth Amendment and what is required to fulfill the "under color of" state law provision of 42 U.S.C. § 1983. *United States v. Price,* 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267, 272 (1966).

■ The United States Supreme Court in *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 378 (1974), citing its decision in *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 176, 92 S.Ct. 1965, 1973, 32 L.Ed.2d 627, 639 (1972), reiterated the applicable test to be used in determining whether the required state action is present in order to bring the Fourteenth Amendment into play:

> . . . the inquiry must be whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action . . may be fairly treated as that of the State itself.

Accordingly, the Seventh Circuit has stated that satisfaction of the "under color of" state law language requires that the private conduct involved must be significantly and affirmatively supported by state action in such a manner that the private person derives real or apparent "aid, comfort, or incentive" from the state. *Doe v. Bellin Memorial Hospital,* 479 F.2d 756, 761–62 (7th Cir. 1973); *Lucas v. Wisconsin Electric Power Company,* 466 F.2d 638, 654–56 (7th Cir. 1972), *cert. denied,* 409 U.S. 1114, 93 S.Ct. 928, 34 L.Ed.2d 696 (1973).

■ Plaintiff's complaint alleges that police officers from Niles, Illinois, aided in the purported deprivation of plaintiff's constitutional rights. Such actual participation indicates that the defendant received assistance from the state in its alleged wrongdoing, and this court is of the opinion that such aid from the state constituted state action sufficient to fulfill the requisites of the Fourteenth Amendment.

■ It is clear that this court has subject matter jurisdiction. The issue then becomes whether the complaint states a claim against the defendant upon which relief can be granted. It is within the power of this court to fashion a remedy under a constitutional provision. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 396–97, 91 S.Ct. 1999, 2004–2005, 29 L.Ed.2d 619 (1971); *Jamison v. McCurrie,* 388 F.Supp. 990, 991 (N.D.Ill.1975). However, there is authority in this district which approves the application of a respondeat superior theory in creating liability for monetary damages for constitutional violations, *Williams v. Brown,* 398 F.Supp. 155, 160–61 (N.D.Ill. 1975), and there is support *contra* the application of a vicarious liability theory in obtaining a monetary remedy, *e. g., Gresham v. City of Chicago,* 405 F.Supp. 410, 412 (N.D.Ill.1975).

This court determines that the better reasoned view would result in this court's not fashioning a monetary remedy under the theory of respondeat superior in the instant case. The situation here is not so extraordinary as to necessitate providing an unusual remedy.

For the foregoing reasons, it is hereby ordered that the motion to dismiss filed by defendant J. C. Penney Company, Inc. shall be, and it hereby is, granted.