David N. CLASSON and Judy S. Classon, his wife, Plaintiffs,

v.

SHOPKO STORES, INC., a Foreign Corporation, Defendant.

No. 77-C-166.

United States District Court, E. D. Wisconsin.

Aug. 26, 1977.

Brian J. Henderson, Riordan, Crivello, Sullivan & Carlson, Milwaukee, Wis., for plaintiffs.

Winston A. Ostrow, Kaftan, Kaftan, Kaftan, Kuehne, Van Egeren & Ostrow, S. C., Green Bay, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This action is before the Court on the defendant's motion to dismiss. The complaint alleges a cause of action arising un-

der 42 U.S.C. § 1983 and under the Fourteenth Amendment. Jurisdiction is predicated on 28 U.S.C. § 1343(3) and § 1331. A state claim is also asserted under the doctrine of pendent jurisdiction. Diversity jurisdiction is also alleged.

The factual allegations of the complaint are as follows. On November 22, 1975, the plaintiff was on the premises of the defendant's retail store in Green Bay, Wisconsin. He was detained by an employee of the defendant because of suspected shoplifting. He was subsequently arrested by an officer of the Green Bay Police Department. The complaint alleges that the detention and arrest were without probable cause and "in accordance with a customary plan" between the defendant and the Green Bay Police Department.

The motion to dismiss contends that the complaint fails to state a claim upon which relief may be granted because the claim against the defendant is based on a theory of vicarious liability. A lack of jurisdiction over the remaining state claims is also asserted.

■ While the Court would agree with the defendant that the theory of *respondeat superior* is generally not available to a plaintiff in an action brought pursuant to § 1983, it does not find that principle controlling under the factual allegations of the complaint. In considering defendant's motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, allegations in the plaintiffs' complaint must be accepted as true and the complaint dismissed only if it appears to a certainty that plaintiff is not entitled to relief under any state of facts which could be proved to support his claim. *Gardner v. Toilet Goods Ass'n,* 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967); *Clark v. Uebersee Finanz-Korp.,* 332 U.S. 480, 68 S.Ct. 174, 92 L.Ed. 88 (1947).

The law relating to the applicability of the doctrine of *respondeat superior* to § 1983 actions has developed for the most part in situations involving police officials. The Supreme Court has held that a superior police official cannot be held vicariously liable for the acts of his subordinates. However, liability has been found when the subordinate and direct participant in the alleged violation acted upon express orders of the superior or acted pursuant to a plan or policy instituted by the superior. *See, Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Allee v. Medrano,* 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974); *Hague v. CIO,* 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). In such a situation, liability is asserted against the superior, not solely on the basis of *respondeat superior,* but because of the superior's direct involvement.

■ The plaintiff in this case has alleged that there was a preconceived customary plan between the defendant and the local police. The employee who detained the plaintiff and the police officer were operating in accordance with this plan. These allegations, if proven at trial, are in the Court's opinion sufficient to show liability on the part of the corporate defendant.

The cases relied on by the defendant are factually distinguishable from the instant case. In both *Draeger v. Grand Central, Inc.,* 504 F.2d 142 (10th Cir. 1974), and *Weiss v. J. C. Penney Company, Inc.,* 414 F.Supp. 52 (D.C.1976), reliance was placed solely on the principal-agent relationship to establish liability on the part of the corporate defendant. There were no allegations of direct involvement as in this case.

■ The Court is aware that a corporation can act only through its employees and that the principles of agency must be utilized to some extent to find liability on the corporation. Under the facts as stated in the complaint, the Court feels that the principles of agency can be utilized to establish liability under § 1983. The Court would note the similarity between this case and *Adickes v. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), in which a corporate defendant was held liable under § 1983. The Court, in *Adickes,* found that "petitioner will have made out a violation of her Fourteenth Amendment rights and will be entitled to relief under § 1983 if she

can prove that a Kress employee, in the course of employment, and a Hattiesburg policeman somehow reached an understanding to deny Miss Adickes service in the Kress store, or to cause her subsequent arrest because she was a white person in the company of Negroes." *Id.* at 152, 90 S.Ct. at 1605.

For the reasons stated above, the defendant's motion to dismiss the federal cause of action is denied. Since the Court may exercise pendent jurisdiction over the state claims, the defendant's motion to dismiss these claims for lack of jurisdiction must also be denied.

So ordered this 25th day of August, 1977 at Milwaukee, Wisconsin.