William P. HORNUNG, Plaintiff,

v.

The VILLAGE OF PARK FOREST, et al., Defendants.

No. 85 C 6758.

United States District Court, N.D. Illinois, E.D.

Jan. 13, 1986.

Nanette Raduenz, Getty & Gevers, Dolton, Ill., for plaintiff.

Henry E. Mueller, Ancel, Glink, Diamond, Murphy & Cope, P.C., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

In this lawsuit, plaintiff William P. Hornung ("Hornung") is suing the Village of Park Forest ("Village"), Fred Romano ("Romano"), the Village's Chief of Police, and Michael J. Kloss ("Kloss"), an individual police officer, for alleged unconstitutional treatment during Hornung's arrest in December of 1984. Hornung alleges as follows: he was parked at the parcel pickup area in front of the Jewel Food Store in Park Forest, and was approached from behind by Kloss' police car. Hornung moved his car to a proper parking area, and then exited his car to enter the store. When he returned from the store, he saw Kloss' car parked behind his car. Kloss called out to him as he was entering his car. Hornung walked over to speak to Kloss, at which time Kloss began to push him and threaten him. Hornung fell against the car, and when he got up, Kloss hit him with his flashlight. Hornung was then handcuffed and taken to the police station, where Kloss continued to threaten him. Hornung was not permitted to telephone his attorney.

Hornung was charged with assault and resisting arrest, and was subsequently convicted of the resisting arrest charge and acquitted of the assault charge. After his release from the police station, Hornung was taken to Palos Community Hospital, where he received treatment for bruises and contusions.

Hornung has filed a three-count complaint based on these facts against the Village, Romano and Kloss. Count I alleges fourth and fourteenth amendment violations, and cruel and unusual punishment. Count II alleges *Monell* claims against the Village and Romano for failure to screen, train and supervise its police officers, and Count III contains common law claims for assault and battery against Kloss. The complaint requests both compensatory and punitive damages against each defendant.[1] This matter is before the court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, defendants' motion is granted.

■ In considering the sufficiency of a complaint to withstand a Rule 12(b)(6) motion to dismiss, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Under the federal rules,

---

1. In their motion to dismiss, defendants correctly note that under the Supreme Court's recent decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), punitive damages are not available against the Village for violations of § 1983. Plaintiffs have not contested this point.

a complaint must contain a short and plain summary of the facts sufficient to give fair notice to the defendant of the claim asserted. Fed.R.Civ.P. 8(a)(1), (2). A civil rights complaint that relies on vague, conclusory allegations is insufficient to provide the necessary "fair notice" to the defendant, and therefore cannot survive a motion to dismiss. *Cohen v. Illinois Institute of Technology,* 581 F.2d 658, 663 (7th Cir. 1978), *cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979); *United States v. Philadelphia,* 644 F.2d 187, 204 (3d Cir. 1980). On a motion to dismiss pursuant to Rule 12(b)(6), the court will generally accept the pleader's description of what happened to him and any conclusions that can reasonably be drawn therefrom. Courts need not, however, strain to find inferences available to the plaintiff which are not apparent on the face of the complaint. *Coates v. Illinois State Board of Education,* 559 F.2d 445, 447 (7th Cir.1977); 5 Wright, Miller & Kane: Federal Practice & Procedure § 1357 at p. 597.

■ Defendants have challenged the sufficiency of all three counts of this complaint. The court concurs with defendants that this complaint suffers from several pleading deficiencies. With respect to Count I, the court notes at the outset that Hornung has included all three defendants in this claim, although the specific conduct complained of is attributed solely to Kloss. Because Count I fails to allege any unconstitutional conduct on the part of Romano or the Village, it is dismissed entirely as to them.

Count I of the complaint is based on the fourth, fourteenth, and eighth amendments. The fourth amendment claim is apparently predicated on the alleged unconstitutional seizure of plaintiff by Kloss. Defendants argue that since collateral estoppel principles apply in § 1983 claims, Hornung's conviction for resisting arrest precludes any fourth amendment claims stemming from that arrest.

■ This court must apply the same issue preclusion effect to Hornung's state trial that it would receive in an Illinois state court. *Migra v. Warren City School District,* 465 U.S. 75, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984); 28 U.S.C. § 1738. In *Redfern v. Sullivan,* 111 Ill.App.3d 372, 375, 377, 67 Ill.Dec. 166, 169, 170, 444 N.E.2d 205, 208, 209 (4th Dist.1982–1983), the Illinois appellate court recently set forth the general rule with respect to claim preclusion in Illinois:

> Where estoppel by verdict (or collateral estoppel) is applied, the parties are precluded from re-litigating an issue in a subsequent proceeding where that issue was actually or necessarily decided by a court of competent jurisdiction in an earlier proceeding involving the same parties and a different cause of action.... [I]f any uncertainty exists, the doctrine will not be applied.

Thus, the issue in this case is whether any essential element of Hornung's fourth amendment false arrest claim was "actually or necessarily" decided in his criminal proceedings. *See Jones v. City of Alton, Illinois,* 757 F.2d 878, 883–85 (7th Cir. 1985); *Spallone v. Village of Roselle,* 584 F.Supp. 1387, 1390 (N.D.Ill.1984). The party claiming preclusion has the burden of showing with clarity and certainty what was determined by the prior judgment. *Jones, supra* at 885 (citations omitted).[2] Generally, the existence of probable cause presents an absolute bar to a section 1983 claim based on false arrest, *Friedman v. Village of Skokie,* 763 F.2d 236, 239 (7th Cir.1985); *Terket v. Lund,* 623 F.2d 29, 31 (7th Cir.1980), and proof of probable cause may be shown in the plaintiff's conviction of the underlying offense for which he was arrested. *Id.*

---

**2.** In *Jones,* the court explained this burden:
> This is a 'heavy burden of proof,' ... a court cannot 'invoke the rule of estoppel by verdict or res judicata on pure speculation as to the finding of the trial court in the prior litiga-

> tion.' ... To speculate on the grounds for the prior judgment would be to remove the burden placed on the proponent.
> *Jones v. City of Alton, Illinois,* 757 F.2d 878, 885 (7th Cir.1985) (citations omitted).

Hornung was found guilty of resisting or obstructing a police officer, which is codified at Ill.Rev.Stat. ch. 38, § 31-1 (1984):

A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor.

In *Clark v. State of Illinois,* 415 F.Supp. 149, 154–56 (N.D.Ill.1976), the court held that a conviction for resisting arrest did not bar a § 1983 suit for false arrest because the conviction related solely to the plaintiff's conduct at the time of the arrest, and did not establish the probable cause to arrest the defendant on the substantive charges. The court reasoned that because the Illinois Supreme Court has held that both lawful and unlawful arrests are "authorized acts" within the purview of § 31-1,[3] the underlying conviction for obstructing a police officer did not preclude a subsequent suit for false arrest on the substantive charges. The *Clark* court concluded:

Plaintiff's conviction, on the charge of resisting a police officer, therefore, necessarily adjudicated only the issue of whether plaintiff had resisted an arrest by a person he knew to be a police officer. It obviously did not determine that probable cause existed for plaintiff's arrest on the three substantive charges. The dropping of the charges of disorderly conduct and criminal trespass and plaintiff's acquittal on the aggravated battery charge certainly presents the possibility that his initial arrest was without probable cause.

*Id.* at 155.

■■■ In the present case, Hornung was convicted only of resisting arrest; he was acquitted of the underlying charge of assault. This court agrees with the court's decision in *Clark* that the prior conviction does not operate to bar his litigation of the constitutionality of his arrest for the underlying assault. The Illinois Supreme Court

has consistently interpreted this criminal statute very broadly, to include "any physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay the performance of an officer's duties." *People v. Holdman,* 73 Ill.2d 213, 22 Ill.Dec. 679, 383 N.E.2d 155, 159 (1978), *cert. denied,* 440 U.S. 938, 99 S.Ct. 1285, 59 L.Ed.2d 496 (1979), citing *People v. Raby,* 40 Ill.2d 392, 240 N.E.2d 595, 599 (1968), *cert. denied,* 393 U.S. 1083, 89 S.Ct. 867, 21 L.Ed.2d 776 (1969). Given the broad reading of this statute by the Illinois courts, this court cannot assume from the facts stated that a conviction for resisting a police officer necessarily litigated the validity of the underlying arrest for assault. Therefore, the court concludes that Hornung's complaint does state a claim for false arrest against Kloss.

■■■ Hornung's fourteenth and eighth amendment claims in the first count do not fare as well. Hornung has alleged both due process and equal protection claims arising out of this arrest. Claims of excessive force during arrest are cognizable under § 1983, and are generally analyzed as fourteenth amendment claims wherein the use of force is considered a potential deprivation of liberty without due process of law. *Gumz v. Morrissette,* 772 F.2d 1395, 1399 (7th Cir.1985); *Blake v. Katter,* 693 F.2d 677, 682 (7th Cir.1982). Recently, in *Gumz v. Morrissette, supra,* the Seventh Circuit discussed the focus of a § 1983 claim for excessive force and the necessary elements of pleading such a claim:

The primary inquiry in addressing an excessive force claim brought under § 1983 is whether the conduct of state officials was so egregious or intolerable as to shock the conscience of the court and constitute a constitutional violation as opposed to mere violating state tort law. . . . [T]he use of force by a state officer is unconstitutional if it 1) caused severe injuries, 2) was grossly dispropor-

---

**3.** *See People v. Locken,* 59 Ill.2d 459, 322 N.E.2d 51 (1974); *People v. Klimek,* 101 Ill.App.3d 1, 56 Ill.Dec. 403, 427 N.E.2d 598 (2d Dist.1981); *Peo-*

*ple v. Pine,* 84 Ill.App.3d 301, 405 N.E.2d 484 (3d Dist.1980).

tionate to the need for action under the circumstances, and 3) was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience.

*Gumz,* 772 F.2d at 1400 (citations omitted). Applying the *Gumz* standards to the present complaint, it is clear that the complaint, as it stands, fails to state a cognizable claim for excessive use of force. While plaintiff need not prove his entire case in his complaint to withstand a motion to dismiss, he must plead sufficient facts to apprise the court of the nature and extent of the challenged conduct. From the facts alleged in this complaint, this court is unable to determine the extent of Hornung's alleged injuries, the need for the action taken, or the possible malice of Kloss. Hornung's failure to plead sufficient facts to allow this court to determine whether the conduct he complains of comprises valid constitutional claims renders this complaint insufficient under the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Therefore, his excessive use of force claim must be dismissed.

 Hornung's claim under the equal protection clause suffers from more serious deficiencies. To plead a proper equal protection claim, a plaintiff must allege that he is a member of a protected class, and that he was subjected to discriminatory treatment because of his membership in such class. Hornung has not plead anything even closely related to these requirements. His conclusory allegations do not support a claim for equal protection. Therefore, the equal protection claims must also be dismissed.

 Hornung's eighth amendment claims of "cruel and unusual punishment" similarly fail to state a cognizable constitutional claim. The facts alleged in this complaint could not constitute an eighth amendment violation for two reasons. First, the eighth amendment's focus is on permissable punishment meted out by the state for the commission of a crime. Since Hornung had not been found guilty of any

crime at the time of his encounter with Kloss, he cannot assert a claim based on the eighth amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979); *Ingraham v. Wright,* 430 U.S. 651, 671–72 n. 40, 97 S.Ct. 1401, 1412–13 n. 40, 51 L.Ed.2d 711 (1977); *Rodgers v. Lincoln Towing Service, Inc.,* 596 F.Supp. 13, 17 (N.D.Ill.1984), *aff'd,* 771 F.2d 194 (7th Cir.1985); *Johnson v. Glick,* 481 F.2d 1028, 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Second, this alleged conduct is not sufficiently egregious to "shock the conscience" under the prevailing standards of the eighth amendment. *See, e.g., Rochin v. California,* 342 U.S. 165, 172–74, 72 S.Ct. 205, 209–11, 96 L.Ed. 183 (1952); *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973) ("not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates an [individual's] constitutional rights").

In Count II of the complaint, Hornung attempts to state *Monell* claims against the Village and Romano for an alleged "policy" of failing to train and supervise the policemen, especially Kloss. In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities could be liable for constitutional violations caused by their official policies, including unwritten customs. However, the *Monell* Court emphasized that such liability would not be imposed where the plaintiff's claim relied solely on a theory of respondeat superior. *Id.* at 691, 98 S.Ct. at 2036. In this case, although Hoglund has alleged that a policy exists, he has pleaded no facts supporting that claim. The Seventh Circuit has emphasized that the "allegation of a single incident of unconstitutional conduct by a municipal employee does not establish a sufficient basis for suing the municipality." *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985); *Powe v. City of Chicago,* 664 F.2d 639, 650 (7th Cir.1981).

*See also City of Oklahoma City v. Tuttle,* — U.S. ——, 105 S.Ct. 2427, 2435, 85 L.Ed.2d 791 (1985). This court has reiterated this principle on several occasions. *See Williams v. City of Chicago,* No. 84 C 3828, slip op. at 1–2 (N.D.Ill.May 6, 1985) [Available on WESTLAW, DCTU database]; *Brown v. West,* No. 83 C 8135, slip op. at 3–4 (N.D.Ill.Dec. 21, 1984) [Available on WESTLAW DCTU database]; *John v. City of Chicago,* No. 83 C 6712, slip op. at 7–8 (N.D.Ill.Oct. 26, 1984) [Available on WESTLAW DCTU database]; *Jemison v. DiLeonardi,* No. 82 C 6964, slip op. at 3 (N.D.Ill.July 14, 1984) [Available on WESTLAW DCTU database]; *McGuire v. City of Chicago,* No. 82 C 2889, slip op. at 2 (N.D.Ill.Nov. 23, 1982) [Available on WESTLAW DCTU database].

In *Strauss v. City of Chicago,* 760 F.2d 765 (7th Cir.1985), the Seventh Circuit recently emphasized the pleading requirements to state a proper *Monell* claim. The court noted that mere allegations or legal conclusions wholly devoid of facts mandate a dismissal of a *Monell* "policy" claim. *Id.* It concluded:

> A complaint that tracks Monell's requirement of official policy with bare allegations cannot stand when the policy identified is nothing more than acquiescence in prior misconduct.... The existence of a policy that caused a plaintiff's injury is an essential part of Section 1983 liability, so that some fact indicating the existence of some such policy must be plead. Without some evidence apart from the fact of employment, regardless how slight, that a policy causing plaintiff's injury might exist, the plaintiff simply cannot proceed in court against the municipality.

*Id.* at 767–68. The complaint in this case cannot withstand the scrutiny mandated by the *Strauss* decision.[4] Although plaintiff's brief alludes to similar events in the past, the complaint does not even refer to them. Therefore, Count II, to the extent it seeks to impose *Monell* liability on the Village and Romano,[5] is dismissed.

Plaintiff's second count also attempts to allege a conspiracy to violate Hornung's civil rights in violation of § 1985(3). In *Quinones v. Szorc,* 771 F.2d 289 (7th Cir.1985), the Seventh Circuit recently articulated the plaintiff's burden to state a valid cause of action under 42 U.S.C. § 1985(3). A claim under § 1985(3) contains four elements:

> (1) A conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or property or a deprivation or right of any privilege of a citizen of the United States.

*Id.* at 291 n. 1, citing *United Brotherhood of Carpenters & Joiners of America v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983). This complaint fails to allege anything which is even remotely related to the pleading requirements for claim under § 1985(3). Not only does plaintiff fail to specifically allege a conspiracy, he provides the court with no facts to support any equal protection claim. To the extent that Count II attempts to state a conspiracy claim, it is dismissed. *See Rodgers v. Lincoln Towing Service, Inc.,* 596 F.Supp. 13, 21–22 (N.D.Ill.1984), *aff'd,* 771 F.2d 194 (7th Cir.1985); *Murphy*

4. The Supreme Court has also recently discussed the nature of a municipal policy which could lead to *Monell* liability in *City of Oklahoma City v. Tuttle,* — U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). In *Tuttle,* the plurality noted:

> [T]he word "policy" generally implies a course of action consciously chosen from among various alternatives; it is therefore difficult in one sense even to accept the submission that someone pursues a "policy" of "inadequate training," unless evidence be adduced which proves that the inadequacies resulted from conscious choice—that is, proof that the poli-

cy makers deliberately chose a training program which would prove inadequate.

*Id.* 105 S.Ct. at 2436 (opinion of Justices Rehnquist, Burger, O'Connor and White).

5. The court acknowledges that senior personnel may be held liable under § 1983 for unconstitutional acts of their subordinates if they are aware of a pattern of such unconstitutional acts. *Herrera v. Valentine,* 653 F.2d 1220 (8th Cir. 1981). However, conclusory allegations of such prior conduct and knowledge are insufficient to state a claim against Chief of Police Romano.

*v. Mount Carmel High School,* 543 F.2d 1189 (7th Cir.1976); *Moats v. Village of Schaumburg,* 562 F.Supp. 624 (N.D.Ill. 1983).

Count III alleges a pendent state law claim for assault and battery. Given the dismissal of the federal claims against Romano and the Village, this claim must be dismissed against them for lack of jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, Count III will be upheld as to Kloss as a pendent claim to Hornung's claim of unconstitutional arrest.

Plaintiff has requested this court for leave to amend the complaint in the event that the complaint is dismissed. The court hereby grants plaintiff twenty-one days from the date of this order to amend the complaint consistent with the facts, the guidelines articulated in this opinion, and the cases cited herein.