Soad R. ISKANDER, Plaintiff-Appellee,

v.

VILLAGE OF FOREST PARK and Zayre, Inc., Defendants-Appellants.

Nos. 81–2089, 81–2112.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 9, 1982.

Decided Oct. 5, 1982.

Rehearing and Rehearing En Banc Denied Nov. 22, 1982.

Frederick W. Temple, Hubbard, Hubbard, O'Brien & Hall, Chicago, Ill., John J. Quan, O'Shea & Quan, Forest Park, Ill., for defendants-appellants.

John P. DeRose, DeRose & Russo, Oak Brook, Ill., for plaintiff-appellee.

Before PELL, Circuit Judge, FAIR-CHILD, Senior Circuit Judge, and ESCHBACH, Circuit Judge.

ESCHBACH, Circuit Judge.

When attempting to exit a Zayre department store in Forest Park, Illinois, plaintiff-appellee was detained for alleged shoplifting by a store detective, who called local police. The officer dispatched to the scene arrested plaintiff on a misdemeanor theft charge and transported her to the police station where she was booked, strip searched, and held in custody until her husband posted the necessary bond. Defendants-appellants Zayre, Inc. and the Village of Forest Park appeal from money judgments entered on jury verdicts against them in this § 1983 action alleging that the detention, arrest, and strip search violated plaintiff's rights under the Fourteenth Amendment. For the reasons set forth below, we reverse the judgment against Zayre and remand for entry of judgment n. o. v. in favor of Zayre. As to Forest Park, we reverse in part, vacate in part, and remand for a new trial.

Plaintiff's complaint, a series of legal conclusions, alleges that her detention, arrest, and search incident to the arrest on a shoplifting charge violated her Fourteenth Amendment rights. Plaintiff asserted claims under 42 U.S.C. § 1983 in addition to pendent state law claims for false arrest and malicious prosecution. The pendent claims were abandoned before trial. Named as defendants were the store detective who initially detained plaintiff, his employer (Zayre, Inc.), the arresting officer, the police matron who allegedly conducted the strip search of plaintiff, and their employer (the Village of Forest Park). The jury returned a general verdict for plaintiff against the store detective, the arresting officer, Zayre, and Forest Park, but rendered a verdict in favor of the police matron which plaintiff does not appeal. While $40,000 in damages labeled compensatory and $100 in nominally punitive damages were assessed against Zayre and $10,000 in nominally compensatory damages were entered against Forest Park, no damages were assessed against the store detective or the arresting officer, neither of whom has appealed. Both Zayre and Forest Park appeal the denials of their motions for judgment n. o. v. and their alternative motions for a new trial, asserting numerous grounds.

In reviewing the denials of appellants' motions for judgment n. o. v. we must determine if the evidence warranted submission of the case to the jury: viewing the evidence and reasonable inferences drawn therefrom in the light most favorable to the appellee, we inquire whether the record is insufficient to support the verdict as a matter of law. *E.g., Appleman v. United States,* 338 F.2d 729, 730 (7th Cir. 1964),

*cert. denied,* 380 U.S. 956, 85 S.Ct. 1090, 13 L.Ed.2d 972 (1965).

### Zayre

A recitation of the observations of the store detective which caused him to believe that plaintiff had stolen some merchandise is unnecessary. Although the detective's testimony concerning his observations presents strong support for a probable cause arrest, for purposes of this appeal, we will assume, *arguendo,* that he lacked probable cause for the detention. We further assume, *arguendo,* that the store detective was acting under color of state law[1] and that his actions constituted a violation of plaintiff's rights under 42 U.S.C. § 1983. *See generally* Annot. 44 A.L.R.Fed. 225 (1979) (liability for false arrest under § 1983). The question before us is whether there is any evidence upon which *Zayre* could be found liable under § 1983.

Initially, it is clear that Zayre's liability may not be based merely on the employer-employee relationship between it and the store detective. "Section 1983 will not support a claim based on a *respondeat superior* theory of liability." *Polk Co. v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). *See also Powe v. City of Chicago,* 664 F.2d 639, 649–51 (7th Cir. 1981); *Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir. 1981); *Chapman v. Pickett,* 586 F.2d 22, 27 (7th Cir. 1978); *Fulton Market Cold Storage Co. v. Cullerton,* 582 F.2d 1071, 1083 (7th Cir. 1978), *cert. denied,* 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979), *disapproved on other grounds, Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981); *McDonald v. Illinois,* 557 F.2d 596,

601–02 (7th Cir.), *cert. denied,* 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453 (1977); *Adams v. Pate,* 445 F.2d 105, 107 n.2 (7th Cir. 1971). *See generally* Annot. 51 A.L.R.Fed. 285 (1981). Moreover, just as a municipal corporation is not vicariously liable upon a theory of *respondeat superior* for the constitutional torts of its employees, *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978), a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. *Powell v. Shopco Laurel Co.,* 678 F.2d 504 (4th Cir. 1982); *Draeger v. Grand Central, Inc.,* 504 F.2d 142, 145–46 (10th Cir. 1974) (alternative holding); *Estate of Iodice v. Gimbels, Inc.,* 416 F.Supp. 1054 (E.D.N.Y.1976); *Weiss v. J. C. Penney Co.,* 414 F.Supp. 52 (N.D.Ill.1976). *Contra Classon v. Shopco Stores, Inc.,* 435 F.Supp. 1186, 1187–88 (E.D. Wisc.1977) (misinterpreting, in our view, the significance of certain conclusory language in *Adickes v. S. H. Kress and Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970), a case in which the vicarious liability issue appears not to have been raised).

In order to warrant submission of her case against Zayre to the jury, plaintiff had to show an "impermissible policy" or a "constitutionally forbidden" rule or procedure of Zayre, *Polk Co. v. Dodson, supra,* 454 U.S. at 326, 102 S.Ct. at 454, which was the "moving force of the constitutional violation." *Monell v. Department of Social Services, supra,* 436 U.S. at 694, 98 S.Ct. at 2037. Even assuming that plaintiff proved that her detention by the store detective was without probable cause and invaded her civil rights, that single act of unconsti-

---

1. We express no view concerning whether the Illinois Retail Theft Act, Ill.Rev.Stat. ch. 38, § 16A–5 (1981) (which declares lawful the detention of a person by a merchant who has reasonable grounds for believing the person has committed retail theft) confers the mantle of state authority on parties to which it is applicable sufficient to satisfy the "color of law" predicate to § 1983 liability. While there are cases which provide some support for plaintiff's position on this question (though plaintiff fails to cite them), *see, e.g., Thompson*

*v. McCoy,* 425 F.Supp. 407 (D.S.C.1976); *De-Carlo v. Joseph Horne and Co.,* 251 F.Supp. 935 (W.D.Pa.1966), other cases to consider the issue hold that such statutes merely create, or perhaps merely codify, a privilege against civil suits and do not imbue merchants with the requisite official character to impose § 1983 liability, *see, e.g., Estate of Iodice v. Gimbels, Inc.,* 416 F.Supp. 1054 (E.D.N.Y.1976); *Battle v. Dayton-Hudson Corp.,* 399 F.Supp. 900 (D.Minn.1975).

tutional conduct does not support the inference that the conduct was pursuant to an impermissible Zayre policy. *See Powe v. City of Chicago, supra,* 664 F.2d at 650. Indeed, the only link between Zayre's policies and the store detective's actions advanced by plaintiff is the conclusory testimony that he was acting in accordance with Zayre's operating procedures pertaining to shoplifting suspects. This statement, however, is wholly insufficient to raise a triable issue of whether Zayre had an *unconstitutional* policy or custom. *Walters v. City of Ocean Springs,* 626 F.2d 1317, 1323 n.3 (5th Cir. 1980). In short, the only Zayre policy which plaintiff points to in support of her verdict is Zayre's policy of detaining shoplifting suspects and calling the police. That entirely legitimate policy, of course, does not subject Zayre to liability.

Because the evidence was insufficient to warrant submission of plaintiff's case against Zayre to the jury, we reverse the district court's denial of Zayre's motion for judgment n. o. v. Moreover, upon our consideration of the record in this case, we remand the case to the district court for entry of judgment n. o. v. in favor of Zayre. *See Neely v. Martin K. Eby Construction Co.,* 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967).

### Forest Park

■ Our preceding analysis also disposes of plaintiff's claim against Forest Park concerning her putatively unlawful arrest. There is no evidence suggesting that Forest Park had any impermissible policy which was a proximate cause of the assumed deprivation of her rights. Once again, the only official policy established—dispatching officers to the scene of an alleged shoplifting incident and in some cases effectuating arrests—is an entirely legitimate one which naturally does not subject the municipality to liability. Thus, we reverse the judgment against Forest Park, in part, and remand for dismissal of plaintiff's § 1983 false arrest claim against it.

The evidence concerning the strip search of plaintiff, however, did warrant submission of that claim to the jury. Concerning that claim, not only did plaintiff testify that an unknown individual peered through a window at her when she was disrobed during the strip search, but further, plaintiff presented evidence showing that the Forest Park police department *customarily* conducted strip searches in a room with a window facing a corridor through which numerous individuals might be passing at any given time. While defendant presented conflicting evidence that there was no window in the room where plaintiff was searched, plaintiff clearly met her burden of establishing a jury question as to whether an impermissible official policy or custom was the source of the claimed constitutional violation.[2] Defendant's reliance on *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), in support of its strip search policy is unavailing in this case. *Bell* recognizes that even in cases where routine strip searches are justified by legitimate security concerns, they nevertheless "must be conducted in a reasonable manner." *Id.* at 560, 99 S.Ct. at 1885. Defendant naturally does not maintain that routine strip searches may be conducted in a room open to the prying eyes of passing strangers consistent with the reasonableness requirement imposed on all searches under the Fourth Amendment, nor would such a contention be entertained. *See Logan v. Shealy,* 660 F.2d 1007, 1014 (4th Cir. 1981), *cert. denied sub nom., Clements v. Logan,* 455 U.S. 942, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982).

---

**2.** It should be noted that plaintiff argues on appeal that defendant's blanket strip search policy is a basis for finding a Fourth Amendment violation, while defendant maintains *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), precludes such a finding. In light of the fact that we uphold the district court's denial of defendant's motion for judgment n. o. v. on the strip search claim for the reason stated in the text, and the fact we are remanding for new trial (see *infra*), we will not decide the merits of these contentions. We do note, however, that *Bell v. Wolfish* is not "the panacea the [Village] claims." *Tikalsky v. City of Chicago,* 687 F.2d 175 at 181 (7th Cir. 1982). *See generally Tinetti v. Wittke,* 479 F.Supp. 486 (E.D.Wisc.1979), *aff'd,* 620 F.2d 160 (7th Cir. 1980) (*per curiam*) (invalidating blanket policy of strip searching *non-misdemeanor* traffic violators unable to post cash bond).

█ It is therefore evident that plaintiff presented a triable claim concerning the strip search and defendant Forest Park's motion for judgment n. o. v. was properly denied with respect to that claim. However, we agree with defendant that an examination of the jury instructions in this case warrants vacating the judgment and remanding for a new trial. We find a series of the instructions to be plain error which, taken together with the charge as a whole under the circumstances of this case, seriously affected the fairness of the proceeding. *See, e.g., Celanese Corp. v. Vandalia Warehouse Corp.,* 424 F.2d 1176, 1181 (7th Cir. 1970), 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 51.04 (1982). The instructions concerning the liability of defendant Forest Park were predicated on a theory of *respondeat superior,* which we have shown is rejected by the overwhelming weight of authority in § 1983 cases. The court instructed the jury that defendants Zayre and Forest Park "are corporations and can act only through their agents and employees. An act or omission of an agent or employee within the scope of his employment is the action or omission of the Defendant corporation." This principle was repeatedly stated to the jury as the controlling law; the jury was also instructed: "A corporation is legally responsible for those acts or omissions of its agents made or performed within the scope of their employment." "[The arresting officer and the police matron] were the agents of the Defendant Village of Forest Park at and before the time of this occurrence. Therefore any act or omission of the agents at that time

was in law the act or omission of the Defendant Village of Forest Park." Indeed, the instructions not only were clearly erroneous because they instructed the jury to find against Forest Park automatically once the liability of either of the agents was established, but further, stated the converse of the only basis upon which that municipal corporation could be held liable under § 1983. The court instructed the jury that "the fact that the agent's act was . . . contrary to his employer's instructions, or against the corporation's policies, will not relieve the corporation of responsibility for it." The foregoing instructions constitute plain error which affected the substantive rights of defendant and merit remand for a new trial.

█ We also observe that the jury instructions pertaining to defendant's policy of strip searching detainees were inadequate. In apparent response to plaintiff's counsel's repeated arguments in conference that the case of *People v. Seymour,* 80 Ill.App.3d 221, 35 Ill.Dec. 241, 398 N.E.2d 1191 (1979) stated the authoritative doctrine concerning the reasonableness of the strip search policy in this case, the court refused defendants' instructions concerning the standard of reasonableness in this context. *Compare* defendants' instructions nos. 13 and 29[3] *with Tikalsky v. City of Chicago, supra,* at 11 n.10, 687 F.2d at 181 n.10. The trial judge, however, wisely declined plaintiff's invitation to hold that the strip search policy was unreasonable as a matter of law on the basis of *Seymour,* which was reversed by the Illinois Supreme Court in *People v. Seymour,* 84 Ill.2d 24, 35 Ill.Dec.

**3.** Counsel informed us at oral argument that the tendered but refused instructions were lost below and hence are not contained in the record. Counsel for plaintiff, however, does not dispute that the following instructions were indeed tendered and refused:

If you find that the searching policy of which plaintiff complains is rationally related to significant and legitimate security concerns of the lock-up facility, then you must find that plaintiff's rights under the Fourth Amendment were not violated.

Def. Inst. No. 13.

The test of reasonableness of a search under the 14th Amendment is not capable of pre-

cise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails.

Thus if after balancing the significant and legitimate security interests of the City against the private interest of the plaintiff, you determine that the searching policy of which the plaintiff complains is rationally relative [sic] to the said security interests of the lock-up facility, then you must find this search to be reasonable and not in violation of plaintiff's constitutional rights.

Def. Ins. No. 29.

241, 416 N.E.2d 1070 (1981), months prior to the trial below. While we do not necessarily endorse the precise wording of the proffered instructions in this case and, in fact, tend to agree with the district judge that the wording, drawn from a judicial opinion, may be somewhat obscure to the average juror, it was nevertheless error merely to instruct the jury on the issue of the strip search policy without providing it with *any* guidance as to the applicable standards for determining reasonableness under the Fourth Amendment. We naturally cannot anticipate the nature of the evidence which will be adduced by the parties on retrial of this case concerning the strip search claim, and thus we are in no position to indicate what type of instructions would be appropriate in the new trial. We merely hold that the failure to instruct on the question of reasonableness was, on this record, error sufficient to require a new trial.

Lastly, we observe that the district court erred in instructing the jury, over Forest Park's objection, that the jury could assess punitive damages against it. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). While the jury did not label any of the damages assessed against Forest Park as punitive, there is some merit to defendant's contention that given the size of the award and the emotional nature of the issue involved, the erroneous instruction may have prejudiced it. We need not decide, however, whether this error would warrant a new trial if standing alone in this case, but note that this error further suggests a new trial is appropriate.

Accordingly, in No. 81–2112 we hereby reverse the judgment against Zayre and remand for entry of judgment n. o. v. in favor of Zayre; in No. 81–2089 we remand for dismissal with prejudice of plaintiff's § 1983 false arrest claim and for a new trial on plaintiff's claim concerning the strip search.