**Frank McCABE and Jean McCabe,
Plaintiffs,**

v.

**CITY OF CHICAGO, a municipal
corporation, Defendants.**

No. 81 C 5108.

United States District Court,
N.D. Illinois, E.D.

July 24, 1984.

Barbara B. Hirsch, Chicago, Ill., for plaintiffs.

Robert Marc Chemers, Pretzel & Stouffer, Sam Miller, Chicago, Ill., James D. Montgomery, c/o Laurence J. Rice, Jr. Asst. Corp. Counsel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Presently before the Court is a motion of the defendant Sam Long ("Long") for at-

torney's fees and costs under 42 U.S.C. § 1988. Upon review of the pleadings incident to this motion, the record and relevant law, the Court finds that Long is not entitled to an award of attorneys' fees, although he is a "prevailing party." Long's petition for costs is continued pending a more specific response by the McCabes to the petition.

## FACTS

The plaintiffs Frank and Jean McCabe ("McCabes") sued Long, two Chicago police officers, and Amoco Oil Co. ("Amoco"), alleging violations of 42 U.S.C. § 1983 and common law torts. The suit derives from a disturbance on February 28, 1981 involving the McCabes at an Amoco service station leased to Long by Amoco. The McCabes were arrested and charged with disorderly conduct and resisting arrest. Those charges were dismissed and the McCabes sued in federal court claiming, *inter alia,* that Long and Amoco had conspired with the police defendants to bring charges against them. In October, 1981, battery charges stemming from the incident were brought against the McCabes.[1] One of Long's employees, Francis Murgica ("Murgica"), was the complainant on the battery charges. Murgica appeared in state court with police defendant Eileen Wehrheim ("Wehrheim") on the battery charge. On December 21, 1981, those charges also were dismissed. On March 8, 1982 the McCabes filed a second amended complaint including therein a malicious prosecution count against all of the defendants.

On April 12, 1982 Amoco crossclaimed against Long, arguing that Long had a contractual duty to indemnify and hold Amoco harmless and to provide for Amoco's defense. Long contested Amoco's position vigorously. Summary judgment was granted in favor of Amoco on May 16, 1983. In its opinion, albeit addressed only

---

1. The McCabes claim that the battery charge was in retaliation for their commencement of this civil suit against the police defendants.

Wehrheim says that the two actions, the civil suit and battery charge, were simultaneous, the latter not promoted by the former.

to the Amoco motion, this Court noted that a private corporation is not under section 1983 vicariously liable upon a *respondeat superior* theory. *See Iskander v. Village of Park Forest,* 690 F.2d 126, 128 (7th Cir.1982). Although Amoco was dismissed from McCabe's case, its crossclaim survived and Amoco sought fees and costs from Long. Pursuant to a settlement, Long paid Amoco the sum of $2,750.00, and Amoco dismissed its crossclaim.

During the discovery process, the McCabes did not depose Long or serve him with interrogatories. They apparently attempted to prove a conspiracy between Long and the public defendants through the testimony of Long's employees who were not defendants. After discovery closed, Long offered to waive all attorneys' fees and costs in return for a voluntary dismissal of the claims against him. The offer (and two subsequent offers made by Long during the trial) was rejected. Long did not move for summary judgment on either the section 1983 or common law claims.

The case against the remaining defendants was tried to a jury, beginning on March 6, 1984. The issues considered against each defendant were two section 1983 claims (false arrest and excessive force) and two common law claims (false imprisonment and malicious prosecution). *See* Memorandum Opinion and Order of October 7, 1983. At the close of the plaintiffs' case, the Court directed a verdict for Long on the section 1983 claims. No evidence linked Long personally to any of the disputed actions. Neither had the McCabes proved that the action of Long's employees were in response to a direction from Long or one of his policies. Under *Iskander* and *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), no recovery against Long was possible. It is irrelevant that Long is an individual entrepreneur and not a corporation. *See also Wolf-Lillie v. Sonquist,* 699 F.2d 864, 870 (7th Cir.1983). No verdict was directed for Long on the common law claims, however, since *respon-*

*deat superior* could support a verdict against Long on those claims.

The case went to the jury after six days of trial. The jury deliberated for several hours, over two calendar days. Verdicts were returned in favor of all defendants and against the McCabes on all claims.

The McCabes moved for a new trial. The motion was denied with one exception. Due to prejudicial statements made by Wehrheim, the McCabes were entitled to retry Wehrheim for malicious prosecution. The police defendants were denied fees and costs as prevailing parties on the section 1983 claims. The Court found that those claims against the police officers were not so "devoid of merit as to be characterized as 'vexatious, frivolous or brought to harass or embarrass.'" *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40 (1983). The Court ruled, however, that the section 1983 action against Long did not rest on the same factual basis. The McCabes were directed to respond to Long's motion for fees and costs.

## DISCUSSION

The Civil Rights Attorney's Fees Awards Act of 1976 provides in pertinent part:

> In any action or proceeding to enforce a provision of sections ... 1983, ... the court, in its discretion, may allow the prevailing party, ..., a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988 (1976). However, in order to encourage plaintiffs to vindicate their civil rights, attorney's fees are awarded to prevailing defendants only upon a finding that a plaintiff's action is "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart,* 103 S.Ct. at 1937. *See also Mary Beth G. v. City of Chicago,* 723 F.2d 1263 (7th Cir. 1983); *Badillo v. Central Steel & Wire Co.,* 717 F.2d 1160 (7th Cir.1983). In practice only actions that are groundless or without foundation can give rise to attorney's fees for a prevailing defendant. *See,*

e.g., *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).

■ In the Seventh Circuit, fees taxed to a plaintiff generally are limited to where the "plaintiff's conduct was abusive, or merely a disguised effort to harass or embarrass the defendant." *Badillo v. Central Steel & Wire Co.*, 717 F.2d at 1164. The tests are: (1) where the plaintiff proceeds in the face of an unambiguous adverse previous ruling and (2) where the plaintiff is aware with some degree of certainty of the factual or legal infirmity of his claim. *Id.* at 1163–64 (citations omitted). Although *Badillo* is a Title VII case, Title VII and section 1983 are coterminous in respect of fee awards to prevailing parties. *Reichenberger v. Pritchard*, 660 F.2d 280, 288 (7th Cir.1981). Long claims that his petition for fees meets all the applicable standards.

■ The question is close, but is resolved in favor of the McCabes. No adverse prior ruling has issued despite which the McCabes proceeded to trial. Long did not even move for summary judgment. Although the Court granted summary judgment to Amoco and announced that a corporation could not be liable for conspiring with an official acting under color of law merely on a *respondeat superior* theory, the McCabes remained free to delve into other permissible ways to hold Long liable. Thus, until the close of discovery, the McCabes cannot be charged with knowing with some degree of certainty that Long played no role proscribed by section 1983. It is irrelevant that the McCabes did not depose or inquire of Long. Long's participation in the alleged conspiracy or promulgation of a policy directing his employees to act in a way allegedly violative of the McCabes' civil rights could have been learned from his employees.

Once the case was called for trial, the matter is different. The Court strains to understand how the McCabes expected to prevail against Long under section 1983 considering the state of their knowledge on the eve of trial. Although the Court perceives no subjective bad faith on the McCabes' part, subjectivity is not the stan-

dard. If no common law claim had been joined to the section 1983 claims, Long likely would be awarded fees.

But this case did include several common law claims against Long. *Respondeat superior* was a credible theory for those claims. Thus Long had to go to trial anyway. Although the jury did not come in for the McCabes on the common law claims, the Court cannot say that the plaintiffs' common law case was without merit. There is no indication that Long's trial or preparation time was extended at all because the section 1983 claims against him were not dropped early in the proceedings. The facts underlying the common law claims are so closely interrelated with those of the section 1983 claims as to be identical. It was necessary to the common law claims that the whole story be told, in part through the testimony of Long's employees. For example, there is no way to adequately explain the malicious prosecution prong of the case without going through the events leading up to the McCabes' arrest, the subsequent court appearances and dismissal of the initial charges, Wehrheim's alleged solicitation of Murgica's assistance in bringing battery charges some eight months after the incident and Murgica's appearance in court on the battery charge. It was for the jury to decide whether Murgica acted on her own or within the scope of Long's employ.

In *Hensley v. Eckerhart*, the Supreme Court held that the prevailing party (plaintiff) should not be awarded fees for claims upon which he did not prevail if the losing claim is distinct in all respects from the successful claim. Furthermore, the Court said that even if the degree of relationship between the winning and losing claims is close, the amount of fees sought might be discounted depending on the overall achievement. 103 S.Ct. at 1940–43. By analogy, the Court finds that where a defendant properly is put to trial on common law claims which are so closely interrelated to section 1983 claims as to be indistinguishable for trial and preparation purposes, though the defendant prevails entirely, he should not be awarded attorney's fees for his section 1983 successes.

Accordingly, Long's petition for attorney's fees as a prevailing party is denied.

## COSTS

In addition to attorney's fees, Long seeks the sum of $6,466.89 in costs. Included in that amount is the sum of $2,750.00 which Long paid in settlement of Amoco's crossclaim. Rule 54(d) of the Federal Rules of Civil Procedure provides that "cost shall be provided to the prevailing party unless the court otherwise directs ...." The determination of proper costs to a prevailing party focuses on whether the expenses claimed are recoverable as a cost by statute and whether they are reasonable in amount and necessity. *See, e.g., Mary Beth G. v. City of Chicago,* 723 F.2d at 1282; *Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 864 (7th Cir.1981). Although the costs theoretically may be recoverable and of reasonable amount and necessity, costs may be denied where the unsuccessful party is indigent. *Delta Air Lines, Inc. v. Colbert,* 692 F.2d 489, 491 (7th Cir.1982). The McCabes argue both that they are unable to pay the costs due to their alleged limited income and that several items of the costs requested are not properly recoverable.

Upon reviewing the income tax records submitted by the McCabes, the Court finds that they are not so poor as to be inappropriately taxed reasonable costs. In 1983 the McCabes realized more that $8,000 in interest and dividends primarily from investments in the stock market. Although the McCabes may be hard-pressed to pay costs, they clearly are not indigent and not excused from taxation of costs altogether.

Whether the costs requested by Long are reasonable remains for decision. The Court finds that the amount paid by Long to Amoco in settlement of the crossclaim—$2,750.00—should not be taxed against the McCabes. Although the crossclaim arose because the McCabes sued Long and Amoco, Long's decision to fight Amoco despite its clear contractual obligation to hold Amoco harmless and defend it was personal to Long.

Some of the other items of costs may be reasonable. For example, Long may recover deposition expenses, although the depositions were not used at trial and were discovery in nature, if those depositions were reasonably necessary when taken. *Independence Tube Co. v. Copperweld Corp.,* 543 F.Supp. 706 (N.D.Ill.1982). The reasonableness or unreasonableness of most of the costs sought, however, is not readily discernible and the McCabes' response to the costs' petition is largely general. The McCabes are directed to answer the petition for costs, item by item in accordance with case law and local rules. *See, e.g., Illinois v. Sangamo Construction Co., supra; Independence Tube Corp. v. Copperweld Corp., supra,* and the cases cited therein. A ruling on Long's petition for costs is continued.

IT IS THEREFORE ORDERED that

1. Long's petition for attorney's fees as a prevailing defendant under 42 U.S.C. § 1983 is denied.

2. Long's petition for costs is continued.

3. The McCabes are to answer the petition for costs specifically by August 3, 1984. Long may respond by August 10, 1984.