Nichole FRASER and Calvin Fraser, Plaintiffs,

v.

Phyllis L. SCHULTZE, Robert Meerdo, George N. Goldman, Goldman & Co., an Illinois corporation, Modular Management, Inc., a corporation, Michael Morgan and Terry Price, Defendants.

No. 86 C 10146.

United States District Court, N.D. Illinois, E.D.

June 11, 1987.

---

Wayne B. Giampietro, Poltrock & Giampietro, Chicago, Ill., for plaintiffs.

Joe R. Milburn, Kanter & Mattenson, Chicago, Ill., James R. Schirott, Charles E. Hervas, Michael W. Condon, Schirott & Assoc., Itasca, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Nichole and Calvin Fraser ("the Frasers") filed this civil rights action under 42 U.S.C. § 1983 (1982) against defendants Phyllis L. Schultze, Robert Meerdo, George N. Goldman, Goldman & Co. ("G & C"), Modular Management, Inc. ("Modular"), Michael Morgan and Terry Price. All defendants except Morgan and Pice moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) on the basis that it fails to state a claim upon which relief can be granted. For the following reasons, the moving defendants' motion is granted in part and denied in part.

## I. FACTUAL ALLEGATIONS [1]

The complaint alleges that at all times relevant to this action the Frasers were employees of G & C and Modular, for whom they managed two mobile home parks. In conjunction with their duties, the Frasers resided in a mobile home located in Dixmoor, Illinois, which also served as an office. Schultze is a vice-president of Modular and may also be an employee of G & C. Meerdo is an employee of either G & C or Modular, while Goldman is the president of G & C. Morgan and Price are police officers for the Village of Dixmoor. The Frasers allege that prior to and at the time of the events described in the complaint, each of the individual defendants conspired to commit the acts about which the Frasers complain.

Those events transpired on December 20, 1986, when Schultze, Meerdo, Morgan and Price arrived at the mobile home where the Frasers lived and maintained a business office in the course of their employment with G & C and Modular. Schultze entered the premises without the Frasers' permission and told them they were fired. Meerdo, Morgan and Price then entered the mobile home and searched the premises, removing virtually every article in the room of the mobile home used by the Frasers as an office, including their personal property. The Frasers continued to protest and never consented to this search and seizure. Furthermore, when they asked to see a warrant authorizing the defendants' conduct, Morgan presented them with a document from Goldman purporting to authorize Meerdo to enter the mobile home and remove all contents of the office. A copy of this document, which was written on G & C stationery, is attached to the complaint as Exhibit A, and its text is reproduced in footnote 2 of this opinion.[2] Furthermore, the Frasers allege that all defendants informed them that they were to leave the premises immediately and would not be charged with criminal conduct if they left quietly. Complaint ¶ 16. The defendants present also changed locks on certain warehouses on the premises which contained items of the Frasers' personal property, *id.* at ¶ 18, and severed telephone lines to the premises, *id.* at ¶ 19. Finally, according to the complaint, the only justification offered for the defendants' conduct was Schultze's oblique statement to the Frasers that "you know what you did." *Id.* at ¶ 20. Following this incident, the Frasers filed this suit which alleges that the defendants deprived them of their property without due process of law as guaranteed by the Fourteenth Amendment.[3]

## II. MOTION TO DISMISS

The defendants, other than Morgan and Price, have moved to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Their motion can be addressed in two parts.

First, the two corporate defendants, G & C and Modular, as well as Goldman, move to dismiss on the grounds that the Frasers did not allege that they were personally involved in any purported deprivation of rights. With respect to G & C and Modular, we agree. Under § 1983, private

---

**1.** For the purpose of this motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court assumes the truth of all well-pleaded factual allegations in the Frasers' complaint and draws all reasonable inferences from those allegations. *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984).

**2.** To Whom It May Concern:

I, George N. Goldman, the owner of The Forest View Mobile Home Park and The Modern Mobile Estates Mobile Home Park, hereby authorize Robert Meerdo to enter the office of the above parks located at 14001 S. Western Avenue, Dixmoor, Illinois, and to remove all contents of such office, and to bring such contents to our home offices in Palatine, Illinois.

Any personal effects of Niki or Cal Fraser located in such office shall be returned to them after a verification audit confirms ownership.

/s/ George N. Goldman
Dated: December 19, 1986

**3.** It is not clear why the Frasers did not also allege violations of the Fourth Amendment, as applied to the states through the Fourteenth Amendment. However, some of the defendants' arguments in their motion refer to Fourth Amendment doctrine. Because that is not at issue here, we do not address any of the substantive or procedural requirements of that constitutional provision.

corporations are not vicariously liable for their employees' deprivation of the constitutional rights of others. *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir.1982). Accordingly, we dismiss G & C and Modular.

■ We dismiss Goldman as well, but for other reasons. While there is no indication of any "personal" involvement on the part of the corporate defendants, the Frasers did allege generally that Goldman participated in a conspiracy to deprive them of their rights. Complaint ¶ 10. As stated above, Goldman allegedly authored the document purporting to authorize his employees to search the mobile home and take the Frasers' property. However, the Frasers have not pled a sufficient basis in fact for an inference that Goldman participated in such a conspiracy. In light of this, we dismiss Goldman without prejudice and allow the Frasers ten days to file an amended complaint bolstering their conspiracy allegations with respect to Goldman.

■ We now turn to the second part of the motion to dismiss with respect to the remaining defendants, Schultz and Meerdo, who claim that they were not at any time acting "under color of state law" such that they are subject to liability under § 1983. The Constitution protects individuals from governmental interference with their rights, and, as the Constitution's remedial framework, § 1983 creates a cause of action only against those "acting under color of any statute, ordinance, regulation, custom, or usage of any State...." 42 U.S.C. § 1983 (1982).[4] The extent to which private individuals are subject to liability for acts which, if done by a state official, would violate the Constitution has been limited to situations where they act as a "willful participant in joint action with the State or its agents...." *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 435 (7th Cir.1986) (citing *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d

185 (1980)), *cert. denied*, — U.S. —, 107 S.Ct. 1952, 95 L.Ed.2d 525 (1987). Courts have scrutinized the § 1983 liability of private defendants in a variety of situations; however, the circumstances often involve some sort of action in conjunction with law enforcement officers. *See, e.g., Greco v. Guss*, 775 F.2d 161 (7th Cir.1985). A conspiracy between private individuals and state actors to achieve a common goal of depriving an individual of her rights will suffice to establish that the private defendants acted under color of state law. *Gramenos*, 797 F.2d at 435. In the present case, the only allegations regarding a civil conspiracy on the part of the defendants are in ¶ 10 of the complaint which states:

> Prior to and at the time of the actions alleged herein, each of the individual defendants had agreed and conspired with each other to commit the acts alleged herein, and in doing so were acting under color of the laws of the State of Illinois, County of Cook and Village of Dixmoor, Illinois.

Mere conclusional allegations regarding the existence of conspiracy between state officials and private actors are not adequate to sustain a cause of action against the private actors. *Moore v. The Marketplace Restaurant*, 754 F.2d 1336, 1352 (7th Cir.1985). While the allegations need not lay out the precise details of the conspiracy, which are in most cases outside of the personal knowledge of the plaintiff, there must be more than a bare conclusion that a conspiracy exists. Accordingly, even viewing the complaint liberally on behalf of the Frasers, the Court cannot infer the existence of a conspiracy based on these facts alone.

■ Nonetheless, there are other allegations of joint action between Schultze and Meerdo, the private defendants, and Morgan and Price, the Dixmoor police officers, which we hold are sufficient to sustain the

---

**4.** That provision states in full:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other per-

son within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

cause of action against the private defendants notwithstanding the absence of a formal conspiracy. The present case bears similarities to other cases involving private parties' use of law enforcement officials in conjunction with repossession or eviction proceedings. In *Greco v. Guss*, 775 F.2d 161 (7th Cir.1985), the Seventh Circuit held that a private defendant was subject to liability under § 1983 where it had executed a "distress warrant" with the help of a deputy sheriff. Like the Frasers, the *Greco* plaintiffs sued both the private actors and the deputy sheriff (as well as a local police officer) under § 1983 for deprivation of their property without constitutionally guaranteed due process. The court observed that such a deprivation can "be under color of state law if the authority of state officials puts the weight of the State behind the private decision." *Id.* at 167. Moreover, where a private party acts jointly with a state official who abuses his or her authority, that party also acts "under color of state law" within the meaning of § 1983. *Id.* at 168. The *Greco* court deemed the extent of a law enforcement official's participation in the alleged deprivation as determinative of potential liability for the private defendants. While it agreed that the presence of a city police officer who simply stood by during the repossession and said nothing was insufficient to place the proceedings "under color of state law," it allowed the suit to proceed against the private defendants because there was active participation on the part of a deputy sheriff. *Id.* at 168–69. There was evidence that the deputy sheriff, who was presumed to have been on duty, had: (1) met with the private defendants before serving the distress warrant; (2) suggested calling the city police; (3) approached the plaintiff, identified himself as a deputy sheriff and served the warrant on the plaintiff; and (4) told Greco the proceeding was legal, that he should take his personal property and leave the premises. *Id.* In essence, the court said, the deputy sheriff had effected the seizure for the landlord. *Id.*

■ According to the complaint in this case, the presence of Dixmoor police officers Morgan and Price was not merely passive. The officers are alleged to have participated in conducting the search of the mobile home and removing property, including the Frasers' personal property. Furthermore, Morgan purportedly responded to the Frasers' request for proof of authorization for the search by showing them the statement drafted by Goldman regarding the latter's claimed authorization for Meerdo to seize the property. This act in particular places the state's imprimatur over what the defendants claim to be entirely private conduct. Moreover, all of the defendants present 'at the seizure allegedly informed the Frasers that their peaceful departure from the premises would mean that they would not be criminally charged, a statement with much more of a governmental taint when made by police officers. Finally, these same defendants are alleged to have changed locks on various warehouses on the premises and to have severed the telephone lines to the mobile home. Taken as a whole, along with all reasonable inferences from the complaint, these facts indicate that the level of involvement by Morgan and Price was significant enough to convert what would otherwise be a private matter into a federal case. Accordingly, the motion of defendants Schultze and Meerdo to dismiss this action for failure to state a claim is denied.

### III. CONCLUSION

For the foregoing reasons, pursuant to Fed.R.Civ.P. 12(b)(6), we hereby dismiss defendants G & C and Modular. We also dismiss Goldman without prejudice and grant the Frasers ten days in which to file an amended complaint regarding the alleged participation of Goldman in a conspiracy with the remaining defendants. Finally, we deny the motions of Schultze and Meerdo to dismiss. It is so ordered.