Eddie **WASHINGTON**, Plaintiff,

v.

**LAKE COUNTY, ILLINOIS**, Lake County Sheriff's Department, and Lt. Harry Frossard, Individually and as an agent of Lake County, Illinois and of the Lake County Sheriff's Department, Defendants.

No. 88 C 8642.

United States District Court,
N.D. Illinois, E.D.

July 5, 1989.

---

Eddie Washington, Waukegan, Ill., pro se.

John W. Costello (Court-appointed), Arvey Hodes Costello & Burman, Chicago, Ill., for plaintiff.

Daniel P. Field, Alan M. Kaplan and Louis W. Brydges, Jr., Brydges Riseborough Morris Franke & Miller, Waukegan, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Plaintiff's, Eddie Washington, amended complaint alleges violations of 42 U.S.C. § 1981 ("§ 1981"), 42 U.S.C. § 1983 ("§ 1983") and 42 U.S.C. § 2000e–2(a)(1) ("Title VII") against Lake County, (the "County"), the Lake County Sheriff's Department (the "Sheriff's Department") and Lt. Harry Frossard, individually and in his official capacity on behalf of the County and the Sheriff's Department ("Frossard"). Defendants move to dismiss those allegations of the complaint asserting a cause of action under § 1983 against the County, and § 1983 and Title VII violations against Frossard, as well as to dismiss the Sheriff's Department entirely. For the following reasons, this motion is granted in part and denied in part.

## FACTS

Washington, a black male, was employed as a jailer from September 12, 1986 to July 13, 1987 at the Lake County Jail. Washington alleges that, from about one month after he was hired until the date of his discharge, defendants "engaged in discriminatory practices against Washington regarding the terms and conditions of his employment on the basis of race." Specifically Washington alleges that Lt. Frossard of the Sheriff's Department, a white male and one of Washington's superior officers at the jail "engaged in a pattern and practice of harassment and humilation" of Washington, "unfairly and discriminatorily reprimanding and disciplining him and causing others to do the same, resulting in his discharge." Washington further alleges that he was denied a pretermination hearing in violation of his procedural due process rights.

## STANDARDS GOVERNING DISMISSAL

On a motion to dismiss, the allegations of the complaint as well, as the reasonable

inferences to be drawn from them, are taken as true. *Doe v. St. Joseph's Hosp.,* 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus,* 603 F.2d 1266 (7th Cir. 1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.,* 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.,* 795 F.2d 591, 594 (7th Cir.1986).

## DISCUSSION

Plaintiff's *amended* complaint is pled by mixing allegations relevant to three distinct claims against three separate defendants. As the amended complaint is structured in a single count, § 1983 and Title VII violations are alleged against all defendants. Although the amended complaint appears to allege a § 1981 claim against Frossard alone, Complaint at ¶ 16, plaintiff in his response to this motion ("Response") indicates that it was his intention to allege a § 1981 claim against all defendants.

The court will address defendants' challenges to the amended complaint in the following order: the propriety of a Title VII claim against Frossard; the propriety of asserting any claims against the Sheriff's Department; and finally, the § 1983 claims. But, first the court will *sua sponte* consider the § 1981 claims.

## § 1981 CLAIMS

■ While none of the defendants have contested the § 1981 claims, the court addresses them in light of the Supreme Court's recent decision in *Patterson v. McLean Credit Union,* — U.S. —, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Plaintiff's claim that defendants deprived plaintiff of the equal benefit of the law and interfered with his employment contract in violation of § 1981 is based upon allegations of racial harassment relating to the conditions of plaintiff's employment. As *Patterson* held that such racial harassment occuring after the formation of an employment contract is not actionable under § 1981, — U.S. at —, 109 S.Ct. at 2372–77, plaintiff's § 1981 claims are dismissed as to all defendants.

## TITLE VII CLAIM AGAINST FROSSARD

Defendants move for dismissal of the Title VII claim against Frossard on the grounds that Frossard is not an "employer" as that term is defined in Title VII. *See* 42 U.S.C. § 2000e(b). Plaintiff does not contest dismissal of the Title VII claim against Frossard and it is dismissed.

## THE SHERIFF'S DEPARTMENT

Plaintiff alleges that the Sheriff's Department, a law enforcement division of the County, was his actual employer. Response at 6. Defendants assert that plaintiff was employed by the County of which the Sheriff's Department is only a subdivision, Reply at 6, and move to dismiss the Sheriff's Department on the grounds that, since it lacks any independent governmental existence, it is "not a sueable entity." Both parties cite *Mayes v. Elrod,* 470 F.Supp. 1188, 1192 (N.D.Ill.1979) and *Folak v. Sheriff's Office of Cook County,* 579 F.Supp. 1338, 1339 n. 1 (N.D.Ill.1984). However, the court need not reach this issue. Plaintiff indicates that the Sheriff's Department was added as a defendant due to uncertainty as to which entity was plaintiff's employer. Subsequently, the County has acknowledged its status as plaintiff's employer and the Sheriff's Department's status as its political subdivision. Therefore, the conduct of the Sheriff's Department is the conduct of the County. Plaintiff has acknowledged that such a determination would obviate his concern that remedies may be precluded if the Sheriff's Department were dismissed. Response at

5–6. Thus, all claims against the Sheriff's Department are dismissed.

## § 1983 CLAIMS

 Plaintiff has sued both Frossard, acting in his official capacity, and the County. As the § 1983 claim against Frossard in his official capacity operates as a claim against the County, *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir.1986), nothing was added by suing Frossard in his official capacity. *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir.1987). While a county may be subject to § 1983 liability, *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), *respondeat superior* does not apply. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Iskander v. Village of Forest Park*, 690 F.2d 126 (7th Cir.1982). Municipal liability occurs where the violation results from conduct pursuant to an official custom or policy. *Monell*, 436 U.S. at 689–90, 98 S.Ct. at 2035–36. Pleading the existence of a "custom" or "policy" requires setting forth a specific factual basis, rather than mere boilerplate allegations. *Strauss v. City of Chicago*, 760 F.2d 765, 768–69 (7th Cir.1985).

 Municipal liability may also result from a single act of a high ranking governmental official where the official is a policy maker for the government—i.e. his official conduct is in effect that of the governmental entity. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Webb v. City of Chester*, 813 F.2d 824, 829 (7th Cir.1987); *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 283–84 (7th Cir.1986). However, the Supreme Court has held that "only those municipal officials who have 'final policy making authority' may by their actions subject the government to § 1983 liability." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988).

Plaintiff's amended complaint alleges § 1983 violations based upon official policies of racially discriminatory conduct and denial of procedural due process. Plaintiff also raises in his Response, but not in his Amended Complaint, the unconstitutionality of Sheriff's Department Rule § 3¶ 3.1, the alleged violation of which provided the grounds for plaintiff's termination. The court will not consider plaintiff's "vagueness" claim as a basis for his § 1983 claim since it has not been pled.

 Plaintiff's specific factual allegations of racially discriminatory conduct target only Frossard. It is Frossard who allegedly (1) "engaged in a pattern and practice of harassment and humiliation of Washington", (2) "reprimanded and disciplined Washington in a fashion disparate to that of similarly situated white co-workers", (3) "caused and motivated others to reprimand and harass Washington in a fashion disparate to that of similarly situated white employees" and (4) "issued or caused to be issued numerous department correspondences that were negative to and critical of Washington and were false, misleading and unsubstantiated." Complaint ¶ 11B, C, D, E.

While the Sheriff's Department, allegedly through Chief Deputy Clinton O. Grimmel, discharged Washington, there are absolutely no specific allegations that anyone of higher rank than Lt. Frossard acted with a discriminatory intent. *See Smith v. Rowe*, 761 F.2d 360, 361–62 (7th Cir.1985). Presumably, Frossard's superiors acted in good-faith on Frossard's representations and on the contents of Washington's file in terminating Washington. Plaintiff has not alleged otherwise, nor provided the grounds for a reasonable inference to the contrary. Since, Lt. Frossard is not a municipal official with "final policy making authority" his conduct cannot subject the County to potential § 1983 liability. The § 1983 claim based on racial discrimination against the County is dismissed. Similarly, plaintiff's claim of racial discrimination against Frossard, acting in his official capacity, being a claim of racial discrimination against the County, is also dismissed. Thus, the § 1983 claim based upon racial discrimination survives solely as to Frossard acting in his individual capacity.

Plaintiff also claims a denial of procedural due process rights resulting from the failure to provide a pretermination hearing. Of course, the due process claim can only be brought against the County, which may have been required to provide a hearing, and not against Frossard. Plaintiff has not specifically alleged a property interest in his job. Given his short tenure with the County, he may have merely been a probationary employee. Yet, defendants have not asserted the lack of a protected interest. Plaintiff asserts that he was not given a hearing. However, he fails to indicate whether departmental rules do not require a hearing or whether they do, but were not followed. Plaintiff also fails to indicate whether a hearing, though possibly not mandated, was available upon request and, if so, whether he requested one. Nevertheless, plaintiff has pled enough to withstand dismissal at this stage, as it does not appear beyond doubt that plaintiff could prove no set of facts in support of his § 1983 due process claim which would entitled him to relief.

## CONCLUSION

The § 1981 claim is dismissed in its entirety. The Title VII claim is dismissed to the extent it is brought against Frossard. All claims against the Sheriff's Department are dismissed. The § 1983 claim based on racial discrimination is dismissed as to the County. The § 1983 claim based upon denial of due process is dismissed as to Frossard. Surviving are the Title VII claim against the County, the § 1983 claim against the County, based upon denial of procedural due process, and the § 1983 claim against Frossard, based upon racial discrimination.

IT IS SO ORDERED.