NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 22, 2015*
Decided September 25, 2015

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-3070 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| RAMON MONTAGUE, *Plaintiff-Appellant,* | |
| *v.* | |
| WEXFORD HEALTH SOURCES, INC., *Defendant-Appellee.* | No. 11 C 5080 George M. Marovich, *Judge.* |

**Order**

Ramon Montague, in prison following his conviction for murder, was diagnosed with colonic cancer. Surgery was successful; the cancer had not metastasized. He sued several prison physicians under 42 U.S.C. §1983, contending that they violated the Eighth Amendment by delaying medical evaluations and treatment. He also sued Wexford Health Sources, which employed the physicians and manages medical care in Illinois's prisons, contending that it has a policy of imposing pointless delays on the con-

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

duct of medical procedures that occur outside the prison. The district court first granted judgment in favor of all the individual defendants and then awarded summary judgment to Wexford, ruling that the evidence would not permit a reasonable jury to find that it has a policy or practice of pointless delay. 2014 U.S. Dist. LEXIS 102700 (N.D. Ill. July 28, 2014). Montague filed an appeal limited to Wexford.

This circuit has held that private corporations are treated the same as public organizations for the purpose of the principle, announced in *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), that §1983 does not authorize vicarious liability. See, e.g., *Iskander v. Forest Park*, 690 F.2d 126 (7th Cir. 1982); *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014). Montague asks us to overrule *Iskander* and similar decisions, but that could not do him any good. There cannot be vicarious liability without primary liability. The individual defendants all prevailed in this suit, so there is no constitutional tort for which Wexford could be vicariously liable. See *Los Angeles v. Heller*, 475 U.S. 796 (1986).

The claim directly against Wexford is that it has a policy of delaying referrals to (or consultations with) medical personnel outside the prison. It is not clear why such a policy would be to Wexford's advantage; unwarranted delay in obtaining medical assistance leads to medical complications that drive up the eventual cost. Moreover, the district judge pointed out that most of the outside referrals from Montague's prison are to the University of Illinois at Chicago, which does not charge Wexford for its services. 2014 U.S. Dist. LEXIS 102700 at *11. But the main problem with Montague's claim, the district judge concluded, is lack of evidence: Wexford produced documents showing the absence of any policy of purposeful delay—though it concedes that bureaucratic issues, and the need to find a time acceptable to the outside medical provider, sometimes yield unintended and unwanted delay. (One week of delay is built into Wexford's policy of internal consultation, but Montague does not contend that Wexford's use of "collegial review" violates the Constitution.) Against Wexford's documents, Montague relied on his own opinion and that of some other inmates. But that's not personal knowledge of Wexford's practices, so it does not count as evidence. Montague pointed to a five-month delay between one referral and the outside consultation in his own situation, but Wexford observed that the next procedure (a colonoscopy) occurred within two weeks, and surgery occurred less than a month after the colonoscopy revealed a cancer. One instance of apparently unnecessary delay does not show a policy. See *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005).

Montague offered better affidavits in support of a motion for reconsideration—though these, too, lack evidence about Wexford's policies, as opposed to evidence that some other prisoners experienced delays. Wexford contends that most delays are attributable to the congested schedules of the outside providers. Montague's evidence is

consistent with that explanation. At all events, the district court was entitled to (and did) disregard this evidence, ruling that Montague should have presented it before the ruling on Wexford's motion for summary judgment. Montague blames his lawyer, but errors and other shortcomings of counsel in civil litigation are imputed to the client and do not justify relitigation. See, e.g., *Choice Hotels International, Inc. v. Grover*, 792 F.3d 753 (7th Cir. 2015) (collecting authority).

We agree with the district judge that the record in this suit would not permit a reasonable trier of fact to find that Wexford has a policy or practice of senseless, and medically inappropriate, delay in arranging for consultations and procedures outside prison walls. The district court's decision therefore is affirmed.